UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

ex No.: 10676/2011

------------------------------------x  
NICK GORDON,

        Plaintiffs,

  - against -

CITY OF NEW YORK; Police Officer FRANK EMMANUEL, Shield No. 21633; Police Officer RAUL DUENO, Shield No. 19800; Lieutenant JOSEPH LAYNE; OFFICER CORDERO, Shield no. 1289; BEHROOZ BENYAMINI; ELIAS TAEID; BHWN 8th STREET LLC; ROBERT AINEHSAZAN; and JOHN and JANE DOE 1 through 11, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

        Defendants-  
        Counterclaimants  
------------------------------------x

Index No:15-CV-2439

ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIM & CROSSCLAIM

Defendants BHNWN 8th Street LLC, Behrooz Benyamini, Elias Taied AND aINEHSAZAN (collectively the "Answering Defendants"), by and through their attorneys The Feinsilver Law Group, P.C., way of answer to the Complaint, say as follows:

<u>As to the Preliminary Paragraphs</u>

1.   This paragraph states solely conclusions and no response is required. To the extent a response is required, the allegations are denied.

1

2. This paragraph states solely conclusions and no response is required. To the extent a response is required, the allegations are denied.

3. This paragraph states solely conclusions and no response is required. To the extent a response is required, the allegations are denied.

4. Admitted.

5. This paragraph states solely conclusions and no response is required. To the extent a response is required, the allegations are denied.

6. This paragraph states solely conclusions and no response is required. To the extent a response is required, the allegations are denied.

As to the Section Entitled "The Parties"

7. Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

8. Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

9. Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

10. Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

11. Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

12. Denied.

13. Admitted as to BHNWN's principal place of business. The remaining allegations of this paragraph are denied. By way if further answer, Benyamini, Taeid and Ainehsazan, are members of BHNWN.

14. Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

15. Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

16. Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

As to the Section Entitled Statement of Facts

17. Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

18.  Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

19.  Admitted as to the initiation of the foreclosure action.  The remaining allegations of this paragraph are denied.

20.  Denied.

21.  Denied.

22.  Denied.

23.  Denied.

24.  Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

25.  Admitted upon information and belief.

26.  Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

27.  Admitted as to the stay being lifted.  Answering Defendants leave the plaintiff to his proofs regarding the date thereof.

28.  Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

29.  Denied.

30. Admitted as to BHNWN being the successful bidder at the auction. The remaining allegations are denied.

31. Denied as to Gordon being the sole owner of the property as of March 5, 2014. Answering Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph, and they leave the Plaintiff to his proofs. By way of further answer, Plaintiff's subjective intentions are wholly irrelevant.

32. Admitted.

33. Admitted as to the Answering Defendants not contacting Gordon personally. The remaining allegations of this paragraph are denied.

34. Denied.

35. Denied.

36. Admitted as to BHNWN closing and taking title. The remaining allegations of this paragraph are denied.

37. Denied.

38. Denied. By way of further answer, all efforts by Gordon to overturn the sale were unsuccessful at the trial court level. Gordon appealed the adverse rulings and, upon information and belief, the appeal has been dismissed.

39. Admitted as to the filing of the appeal. The remaining allegations are denied as drafted as the Appellate papers will speak for themselves.

<u>As to the Section Entitled "The False Arrest of Nick Gordon"</u>

40. Admitted as to Gordon being at the subject property on the referenced date and at the approximate time. Answering Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph, and they leave the Plaintiff to his proofs.

41. Admitted as to Gordon and the Answering Defendants encountering each other. The remaining allegations are denied.

42. Admitted as to Gordon calling 9-1-1. The remaining allegations are denied.

43. Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

44. Denied.

45. Denied.

46. Denied as drafted. By way of further answer, any audio recordings speak for themselves.

47. Admitted as to police officers arriving. Answering Defendants lack knowledge or information as to whether some or all of the defendant police officers were present at this time.

48. Denied.

49. Denied.

6

50. Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

51. Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

52. Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

53. Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

54. Admitted as to the Answering Defendants speaking to a police officer. Denied as to their (and Mr. Benyamini in particular) having no sign of injury.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Admitted.

60. Denied.

61. Denied.

62. Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

63. Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

64. Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

65. Denied.

As to the First Claim

66. Answering Defendants repeat, adopt and incorporate by reference, as if set forth completely herein at length, their responses to paragraphs #1-65 of the Second Amended Complaint. By way of further answer, this Count does not state a cause of action against the Answering Defendants, and they respond without waiver solely to address the factual allegations against them which are incorporated into subsequent counts.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

72. Answering Defendants lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

73. Denied.

### As to the Second Claim

74. Answering Defendants repeat, adopt and incorporate by reference, as if set forth completely herein at length, their responses to paragraphs #1-73 of the First Amended Complaint.

75. Denied.

76. Denied.

77. Denied.

78. Plaintiffs lack knowledge or information sufficient to form a belief as to these allegations, and they leave the Plaintiff to his proofs.

79. Denied.

### As to the Third Claim

80-85   This claim has been withdrawn and dismissed, and no response is required. To the extent a response is required, the allegations are denied.

### As to the Fourth Claim

86-90.   This claim has been withdrawn and dismissed, and no response is required.  To the extent a response is required, the allegations are denied.

### As to the Fifth Claim

91-95.   This claim has been withdrawn and dismissed, and no response is required.  To the extent a response is required, the allegations are denied.

### As to the Sixth Claim

96.   Answering Defendants repeat, adopt and incorporate by reference, as if set forth completely herein at length, their responses to paragraphs #1-95 of the First Amended Complaint.

96.   Denied.

97.   Denied.

98.   Denied.

99.   Denied.

100.  Denied.

101.  Denied.

### As to the Seventh Claim

102-105.   This count does not state a cause of action against the Answering Defendants, and no response is required.  To the extent a response is required, the allegations are Denied.

10

<u>As to the Eighth Claim</u>

106-114. This claim has been withdrawn and dismissed, and no response is required. To the extent a response is required, the allegations are denied.

<u>SEPARATE AND AFFIRMATIVE DEFENSES</u>

As a complete or partial defense to the allegations contained in the Complaint, the Answering Defendants say as follows:

<u>As and For a First Affirmative Defense</u>

115. The Complaint fails to state a cause of action upon which the relief requested can be granted.

<u>As and For a First Affirmative Defense</u>

116. The Plaintiff suffered any alleged damages as the result of his own acts, deeds and/or omissions.

<u>As and For a Second Affirmative Defense</u>

117. Plaintiff's claims are barred by the doctrine of unclean hands.

<u>As and For a Third Affirmative Defense</u>

118. Plaintiff's claims are barred by the doctrines of estoppel, equitable estoppel and/or waiver.

<u>As and For a Fourth Affirmative Defense</u>

119. Plaintiff's claims are barred by the doctrines of judicial estoppel, collateral estoppel and/or *res judicata*.

11

### As and For a Fifth Affirmative Defense

120. The Answering Defendants were not State actors pursuant to 18 U.S.C sect. 1983.

### As and For a Sixth Affirmative Defense

121. The arresting police officers acted at their own initiative and not at the direction of the Answering Defendants.

### As and For a Seventh Affirmative Defense

122. The Answering Defendants had no control over the police.

### As and For an Eighth Affirmative Defense

123. The Answering Defendants did not initiate a criminal proceeding as required by New York State law as required to support a claim for malicious prosecution.

### As and For a Ninth Affirmative Defense

124. The criminal proceedings against the Plaintiff were not terminated in his favor.

### As and For a Tenth Affirmative Defense

125. The Answering Defendants did not act with malice.

### As and For a Eleventh Affirmative Defense

126. The Answering Defendants' statements to the police were true and made with good cause.

### As and For a Twelfth Affirmative Defense

127. Any information that the Answering Defendants gave to the police did not materially contribute to the decision to

arrest the Plaintiff based upon the allegations contained in the First Amended Complaint and otherwise.

### As and For a Thirteenth Affirmative Defense

128. The Answering Defendants did not act with such zeal to cause the arresting officer(s) to act outside of their own volition.

WHEREFORE, the Answering Defendants demand Judgment in their favor and against the Plaintiff, as follows:

a) For dismissal of the Complaint in its entirety, with prejudice;

b) For attorney's fees and costs of suit; and

c) For such other and further relief that the Court finds just and equitable under the circumstances.

### COUNTERCLAIM

Defendant-Counterclaimant Behrooz Benyamini, by way of counterclaim, says as follows:

129. On March 5, 2014, plaintiff Nick Gordon physically assaulted Behrooz Benyamini by striking Benyamini in the face with his hand.

130. Gordon was not acting in self-defense.

131. Benyamini endured pain, suffering and physical injury as a direct and proximate result thereof.

132. Gordon's actions were intentional.

133. Gordon's actions constitute the torts of assault and battery.

WHEREFORE, Defendant-Counterclaimant Behrooz Benyamini demands judgment in his favor, and against the Plaintiff, as follows:

a) For all actual and compensatory damages;

b) For damages in tort;

c) For damages in pain and suffering;

d) For punitive damages;

e) For attorney fees and costs of suit;

f) For prejudgment interest; and

g) For such other and further relief that the Court finds just and equitable under the circumstances.

<u>CROSSCLAIM FOR INDEMNIFICATION AND CONTRIBUTION</u>

134. Without admitting liability to the Plaintiff, which is denied, to the extent the Answering Defendants are found liable to the Plaintiff, they are entitled to indemnification from the other defendants in this action.

135. In addition or the alternative, the Answering Defendants are entitled to contribution from the other Defendants, to be apportioned based upon each defendant's percentage of liability as determined by the trier of fact.

WHEREFORE, the Answering Defendants demand judgment in their favor and against all other defendants, as follows:

a) For indemnification;

b) In the alternative for contribution; and

c) For such other and further relief that the Court finds just and equitable under the circumstances.

Dated: Millburn, NJ
       December 27, 2016

                                                                                    _____  
H. Jonathan Rubinstein, Esq.  
THE FEINSILVER LAW GROUP, P.C.  
Attorney for Defendants  
BHNWN 8th Street LLC, Behrooz Benyamini and Elias Taied  
26 Court Street, Suite 2305  
Brooklyn, NY 11242  
(718) 522-5025

Please Reply to:

THE FEINSILVER LAW GROUP, P.C.  
215 Millburn Avenue  
Millburn, NJ 07041  
(973) 376-44000

To: Gabriel P. Harvis, Esq.  
    Attorney for Plaintiff  
    NICK GORDON  
    305 Broadway, 14th Floor  
    New York, NY 10007  
    (212) 323-6880  
    gharvis@hwf.nyc

```
Zachary W. Carter
Corporation Counsel of the City of New York
Attorney for Defendant
City of New York
100 Church Street
New York, NY 10007
(212) 356-2572
```

## AFFIRMATION OF SERVICE

The undersigned, an attorney at law of the State of New York, affirms under penalty of perjury that on this 4th day of August, 2016, a true and correct copy of the foregoing answer, affirmative defenses, counterclaim and crossclaim was served via electronic filing and via first class mail upon the attorney of record for all counsel, as follows:

```
Gabriel P. Harvis, Esq.
Harvis & Fett LLP
Attorney for Plaintiff
NICK GORDON
305 Broadway, 14th Floor
New York, NY 10007
(212) 323-6880

Zachary W. Carter
Corporation Counsel of the City of New York
Attorney for Defendant
City of New York
100 Church Street
New York, NY 10007
(212) 356-2572
```

*[signature]*

H. Jonathan Rubinstein

16